# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **MARILYN COHEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 3:11-CV-2538-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Marilyn Cohee ("Ms. Cohee") seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Ms. Cohee timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g) of the Act.[1] The court has carefully considered the record and, for the reasons which follow, finds that the decision of the Commissioner is due to be **REVERSED** and this case

---

[1] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

**REMANDED** for further proceedings consistent with this memorandum opinion.

## FACTS AND PROCEDURAL HISTORY

Ms. Cohee was a forty-five (45) year old female at the time of her hearing before the Administrative Law Judge ("ALJ"). (R. at 35.) She has a high school education, and a vocational certificate in cooking and baking. (R. at 37.) She has no past relevant work. (R. at 46.)

Ms. Cohee applied for SSI on October 17, 2007, alleging disability beginning on October 13, 2007. The Commissioner initially denied her claim on February 15, 2008. She requested a hearing before an ALJ, which occurred on March 16, 2010. The ALJ denied her claim on April 26, 2010. Thereafter, Ms. Cohee filed this action.

## STANDARD OF REVIEW[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for SSI and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through September 13, 2012.

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] 12 months." 20 C.F.R. § 416.905(a).[4] To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4)(i-v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2010); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps

---

[4] The language of this section (as well as 20 C.F.R. § 416.920 cited below) was amended in 2012. The text of the new provision became effective on August 24, 2012. However, the textual changes in these provisions are irrelevant for purposes of this memorandum opinion.

one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993), *overruled in part on other grounds*, *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

At Step One, the ALJ found that Ms. Cohee has not engaged in substantially gainful activity since October 17, 2007. (R. at 18.) At Step Two, the ALJ found that Ms. Cohee has the following severe impairments: major depressive disorder and a history of polysubstance abuse. (*Id.*) At Step Three, the ALJ found that Ms. Cohee's impairments do not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appedix 1. (R. at 20.)

The ALJ next determined Ms. Cohee's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. 20 C.F.R. § 416.945. The ALJ found Ms. Cohee capable of a full range of work at all exertional levels but with nonexertional limitations. (R. at 21.) For example, the ALJ limited Ms. Cohee

5

to simple, routine tasks and simple, routine instructions. (*Id.*) He also limited her from interacting with the public, but found she could occasionally interact with co-workers and supervisors. He found her capable of sustained concentration and attention for two (2) hours at a time, with normal breaks. (*Id.*)

At Step Four, the ALJ found that Ms. Cohee has no relevant past work. At Step Five, the ALJ found that, given Ms. Cohee's age, education, work experience, and RFC, sufficient jobs exists in the national economy such that she is not disabled under the Act.

## ANALYSIS

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)). In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review. *See Martin*, 894 F.2d at 1529 (citing *Graham*, 790 F.2d at 1574-75); *Martin*, 894 F.2d at 1529 ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted). In particular, this court has a "responsibility to scrutinize the record in its entirety to

ascertain whether substantial evidence supports each essential administrative finding." *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]

Before this court, Ms. Cohee contends that: (1) the ALJ erred in discrediting the assessments of Dr. Alan D. Blotcky and Mr. John Burgess, and (2) the ALJ's RFC determination is not supported by substantial evidence. The court will address each argument in turn.

**A. The ALJ Did Not Err in Discrediting the Assessments of Dr. Blotcky and Mr. Burgess.**

The ALJ is entitled to weigh the medical opinion evidence in the record, *see* 20 C.F.R. § 404.1527(c), and can discount medical opinion evidence which is not supported by the record. *See* 20 C.F.R. § 404.1527(c)(3); *Popp v. Heckler*, 779 F.2d 1497, 1499 (11th Cir. 1986). Here, the ALJ rejected Dr. Blotcky's opinion that Ms. Cohee's extreme depression prevents her from working. (R. at 24, 366-67.) The ALJ found this opinion to be "wholly inconsistent with" the record. Specifically, the ALJ noted that Ms. Cohee's treatment notes showed her depression is well controlled with medication and that she has reported feeling better while on medication. (R. at 24.)

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The ALJ discredited Dr. Blotcky's assessment of borderline intellectual functioning because Ms. Cohee graduated from high school in regular classes and obtained a vocational degree. (R. at 24.) Therefore, the ALJ's decision to discredit the testimony of Dr. Blotcky is supported by substantial evidence.

The ALJ's decision to discount the statement of Mr. John Burgess is also supported by substantial evidence. Mr. Burgess examined Ms. Cohee when she was admitted to a Birmingham treatment center for depression and drug abuse in May 2008. Mr. Burgess opined at that time that Ms. Cohee was unable to work. (R. at 159–60.) The ALJ discounted Mr. Burgess opinion because he is not a properly qualified medical professional. (R. at 24.) Moreover, the ALJ found that Ms. Cohee had shown substantial improvement since May 2008. Thus, even assuming Mr. Burgess statement is accurate, his statement is not indicative of Ms. Cohee's ability to work after May 2008. (*Id.*)

**B. The ALJ's RFC Determination Is Not Supported by Substantial Evidence.**

A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545). While the ALJ ultimately decides what a claimant can and cannot do, *see* 20 C.F.R.

§ 404.1546(c), the ALJ is not qualified to interpret raw data in a medical record, *see Manso-Pizarro v. Sec'y of Health & Human Serv.*, 76 F.3d 15, 17 (1st Cir. 1996); *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass 1998). Moreover, the ALJ has a duty to develop a "full and fair record." *See Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988). Therefore, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

In this case, the ALJ discounted the only assessments of Ms. Cohee's ability to work—the opinions of Dr. Blotcky and Mr. Burgess. After discounting these assessments, the record contained no medical assessment of Ms. Cohee's ability to work despite her mental limitations. The ALJ purported to base her RFC determination on Ms. Cohee's Global Assessment of Functioning scores in her treatment records from the Indian Rivers Mental Health Clinic. (R. at 23.) However, the record contains no assessment by a medical professional explaining how (or if) these scores might translate into work-related limitations. Nor is it clear how these scores enabled the ALJ to conclude Ms. Cohee can sustain her concentration and attention for two (2) hour blocks of time. And, Ms. Cohee's treating physician at

Indian Rivers explicitly declined to assess her work-related limitations. (R. at 87–89.)

The ALJ actually noted the absence of evidence in the record regarding Ms. Cohee's ability to work, given her severe mental conditions. She pointed out that the state agency initially denied Ms. Cohee's claim because the record contained "insufficient evidence to determine the severity of [her] condition." (R. at 24.) The ALJ claimed, however, that newly submitted evidence enabled her to determine the extent of Ms. Cohee's work-related limitations. (*Id.*) Yet, the "newly submitted" evidence the ALJ cited is a daily activities questionnaire filled out by Ms. Cohee. (*Id.*) (citing Exhibit 3E). This questionnaire describes Ms. Cohee's daily routine such as her household chores and her social activities. (R. at 139–43.) From this document, it seems impossible to determine the extent of Ms. Cohee's work-related mental limitations. Perhaps a trained medical professional could determine Ms. Cohee's residual mental functioning from this questionnaire, but the ALJ is not a trained professional. Therefore, in determining Ms. Cohee's RFC, the ALJ did exactly what the ALJ cannot do—*i.e.*, play doctor by interpreting raw medical data (or rather, in this case, by interpreting the lack of any medical data). *See Carlisle v. Barnhart*, 392 F. Supp. 2d 727, 731 (11th Cir. 1982).

The Commissioner argues that the ALJ alone has authority to determine a claimant's RFC. (Def.'s Br. at 16.) The Commissioner's argument misses the point. Ms. Cohee does not contend that the ALJ must defer to a physician's assessment of a claimant's ability to work. Instead, she argues that the ALJ impermissibly "determine[d] Cohee's residual functioning capacity based upon [the ALJ's] own lay understanding of the raw medical records." (Pl.'s Br. at 8). This argument does not undercut the ALJ's ultimate authority to make the RFC determination.

The Government also contends that "[t]he ALJ has no duty to order additional medical evidence where the evidence in the record is sufficient to support the ALJ's disability determination." (Def.'s Br. At 16.) The key to this argument is that the record must actually <u>contain</u> "sufficient" evidence. As explained above, the record in <u>this</u> case <u>lacks</u> substantial evidence to support the ALJ's RFC determination. Thus, the ALJ lacked a full and fair record on which to base her decision.

Because the ALJ's RFC determination is not supported by substantial evidence, the court will remand this case with instructions to order a consultive examination of Ms. Cohee. *See Holladay*, 848 F.2d at 1209. Once the record is fully developed, the ALJ can properly determine Ms. Cohee's RFC. The court does not hold that the ALJ's RFC determination is incorrect, only that it is not supported by substantial evidence. Nothing in this opinion precludes the ALJ from finding that Ms. Cohee

possesses the RFC described above so long as that decision is supported by substantial evidence.

## CONCLUSION

For the forgoing reasons, the decision of the Commissioner is due to be **REVERSED**. This case is **REMANDED** for further proceedings consistent with this opinion.

**DONE** and **ORDERED** this the 20th day of September, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge